Guo Mei Liao v. Bondi

BIA
A078 213 203

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand twenty-five.

PRESENT:
>       MICHAEL H. PARK,
>       WILLIAM J. NARDINI,
>               *Circuit Judges,*
>       STEFAN R. UNDERHILL,
>               *District Judge.**

_____

GUO MEI LIAO,
>       *Petitioner,*


>       **v.**                                    **23-7058**

_____

\* Judge Stefan R. Underhill, of the United States District Court for the District of Connecticut, sitting by designation.

**PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,**
*Respondent.*

_____

FOR PETITIONER:                      Jed S. Wasserman, New York, NY.

FOR RESPONDENT:            Brian Boynton, Principal Deputy Assistant Attorney General; Julie M. Iversen, Senior Litigation Counsel; Jessica R. Lesnau, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guo Mei Liao, a native and citizen of the People's Republic of China, seeks review of an August 10, 2023 decision of the BIA denying her motions to reconsider and reopen. *In re Guo Mei Liao*, No. A 078 213 203 (B.I.A. Aug. 10, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

The BIA did not abuse its discretion in denying Liao's motions as untimely and number-barred.[1] *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69, 173 (2d Cir. 2008) (reviewing denial of motions to reopen and reconsider for abuse of discretion). Liao's 2018 and 2021 motions were untimely as either motions to reconsider or reopen because her final order of removal was entered in 2002. *See* 8 U.S.C. § 1229a(c)(6)(B) (30-day deadline for motions to reconsider), (c)(7)(C)(i) (90-day deadline for motions to reopen). In addition, her motions were number-barred because she had moved to reopen in 2008. *See id.* § 1229a(c)(7)(A) ("An alien may file one motion to reopen proceedings under this section . . . .").

Liao argues that the Supreme Court's decisions in *Pereira v. Sessions*, 585 U.S. 198 (2018), and *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), warrant equitable tolling of the deadlines for reconsideration and reopening. Liao sought to apply for cancellation of removal. To obtain cancellation, a nonpermanent resident like Liao must establish, among other things, that she has ten years of continuous physical

---

[1] In lieu of filing a brief, the Government has moved for summary denial of the petition for review. Rather than determine whether the petition is frivolous as is required for summary denial, *see Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995), we construe the Government's motion as its brief and deny the petition on the merits.

presence in the United States and that her removal would cause "exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(A), (D). As relevant here, an applicant stops accruing physical presence upon service of the notice to appear. *Id.* § 1229b(d)(1)(A). But *Pereira* held that a notice to appear that omits the hearing date and time is insufficient to stop the accrual of physical presence, and *Niz-Chavez* held that a subsequent hearing notice providing the missing information does not stop the accrual either. *See Pereira*, 585 U.S. at 208–19; *Niz-Chavez*, 593 U.S. at 160–71. Under *Pereira*, Liao's notice to appear, which ordered her to appear at a date and time "to be determined," thus did not stop her accrual of physical presence because it omitted the required hearing date and time. *See* 8 U.S.C. § 1229(a)(1) (listing notice to appear requirements). Under *Niz-Chavez*, Liao's subsequent June 25, 2001 notice of hearing, which included the date and time for her hearing, did not stop the accrual either.

Through her motions to reopen, Liao sought cancellation of removal. Liao argued that, although she was statutorily ineligible for cancellation of removal during her original removal proceeding, at which point she indisputably did not have qualifying relatives for hardship purposes and had only been in the United

4

States for a short period of time, she subsequently accrued qualifying family members and physical presence in light of *Pereira* and *Niz-Chavez*. Liao contends that this constituted "extraordinary circumstances" for the purposes of equitable tolling.

The BIA did not abuse its discretion in declining to equitably toll Liao's untimely motion to reopen in light of *Pereira* and *Niz-Chavez*. "Equitable tolling applies as a matter of fairness where a party has been prevented in some extraordinary way from exercising h[er] rights." *Iavorski v. INS*, 232 F.3d 124, 129 (2d Cir. 2000) (cleaned up). We have equitably tolled the time bars to motions to reopen when a petitioner was prevented from filing a timely motion due to ineffective assistance of counsel. *See Jin Bo Zhao v. INS*, 452 F.3d 154, 159 (2d Cir. 2006). But we have never held that an intervening change in law rendering a noncitizen newly eligible to seek cancellation is an extraordinary circumstance that justifies tolling. Accordingly, the BIA did not abuse its discretion by declining to reopen Liao's proceeding due to a failure to establish extraordinary circumstances

in light of *Pereira* and *Niz-Chavez*. *See Jin-Hui Jiang v. Garland*, No. 23-6704, 2023 WL 11994329, at *1 (2d Cir. Dec. 13, 2024) (summary order).[2]

Liao's additional argument that 2021 policy guidance from Immigration and Customs Enforcement ("ICE") mandates that counsel for the Department of Homeland Security ("DHS") join or not oppose reopening does not establish that the BIA abused its discretion. That 2021 guidance post-dates DHS's opposition to her 2018 motion, and DHS did not oppose the 2021 motion. In addition, such guidance applies to the actions of DHS counsel in prosecuting removal proceedings; it does not dictate that the BIA, which is part of the Department of Justice, must reopen proceedings.

Moreover, Liao does not fit into the category of people who were the intended beneficiaries of the 2021 guidance. The 2021 ICE policy states that DHS counsel should join or not oppose motions to reopen where "noncitizens who were denied cancellation of removal for apparent failure to accrue the statutorily

---

[2] The BIA also concluded that Liao failed to establish eligibility for cancellation of removal because she had not accrued ten years of physical presence nor any qualifying relatives for hardship purposes when her final order of removal entered in 2002. We have not resolved precedentially whether a final order of removal terminates continuous physical presence for cancellation purposes, but we need not reach the issue here. *See Xiu Feng Lin v. Garland*, No. 19-3666, 2022 WL 665396, at *1 n.1 (2d Cir. Mar. 7, 2022).

6

required period of continuous residence or continuous physical presence or who decided not to pursue cancellation relief under the belief that the [notice to appear] they were issued under this two-step process [a notice to appear followed by a hearing notice] terminated their accrual of the required period of time may now be eligible to request such relief from removal in removal proceedings." ICE Interim Litigation Position Regarding Motions to Reopen in Light of the U.S. Supreme Court Decision in *Niz-Chavez v. Garland*, *available at* https://www.ice.gov/legal-notices. But Liao was not denied cancellation and did not forgo applying for cancellation in the original proceedings because of an erroneous belief that her accrual of physical presence had stopped.

Because the BIA's denial of the motions as untimely is dispositive, we do not reach its alternative conclusion that Liao failed to state a prima facie claim for cancellation of removal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). And to the extent Liao challenges the BIA's decision not to reopen sua sponte under 8 C.F.R. § 1003.2(a), we lack jurisdiction to review that "entirely discretionary" decision. *Ali v.*

7

*Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006); *see also Li Chen v. Garland*, 43 F.4th 244, 253 (2d Cir. 2022).

For the foregoing reasons, the petition for review is **DENIED**.  All pending motions and applications are DENIED and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court